F I L E D
03/22/2023
Amy McGhee
CLERK
Missoula County District Court
STATE OF MONTANA
By: Rebecca Santos
DV-32-2023-0000317-BF
Halligan, Leslie
1.00

Del M. Post, Esq.
POST & LEBSOCK, PLLC
CENTRAL SQUARE BUILDING
201 W. Main St., Suite 101
Missoula, Montana 59802
(406) 926-3416
(406) 926-3418 (fax)
dpost@postlawmt.com


***Attorney for Plaintiff***

## MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| **JEFFREY C. STEWART,** <br><br> Plaintiff, <br><br> v. <br><br> **GREAT WEST CASUALTY COMPANY,** <br><br> Defendant**.** | Cause No. <br> Dept. No.: <br><br><br><br> **COMPLAINT** |

**COMES NOW**, Plaintiff, by and through his counsel of record, Post & Lebsock, PLLC, and for his Complaint against the Defendant Great West Casualty Company, states and alleges as follows:

## Identification of the Parties

1.  Plaintiff Jeffrey C. Stewart ("Stewart") is a resident of Broadwater County, State of Montana.

2.  Defendant Great West Casualty Company ("Great West") was at all times relevant hereto an authorized Montana insurer that issued a policy of insurance to Stewart for motor vehicle insurance.

## Venue

3.  The events giving rise to this action occurred in Missoula County on July 24, 2020 and, therefore, venue is proper in Missoula County, State of Montana.

## Facts Common to All Counts

4.  On July 24, 2020, Stewart and his passenger were traveling in Stewart's 2003 GMC truck eastbound on Interstate 90 in Missoula County.

5.  At the same time, an individual named Vince T. Palacio was driving a 2019 International semi-tractor trailer traveling westbound on Interstate 90 in Missoula County.

6.  As Mr. Palacio approached mile marker 116, Mr. Palacio's vehicle left his lane of travel, veered into the median, and entered the eastbound lanes of travel going the wrong direction.  After Mr. Palacio's vehicle entered the eastbound lanes, the trailer became detached and came to rest on its side blocking the eastbound lanes of travel.

7.  Stewart unavoidably collided with the trailer which was blocking the eastbound lanes of travel.

8.  The collision caused Stewart serious injuries of a permanent nature which have resulted in Stewart having incurred substantial past and future medical expenses, a loss of income, a loss of future earnings capacity, a reduction in life expectancy, and other special and general damages for which Stewart is entitled to compensation.

9.  Stewart's passenger was also seriously injured in the crash.

10. At the time of the crash, Mr. Palacio was insured under a liability insurance policy issued by United Specialty Insurance Company ("USIC") which provided liability insurance coverage in the amount of $1,000,000.

11. Because Mr. Palacio's negligent conduct was the sole cause of the crash, and because the amounts which Stewart and his passenger were entitled to recover against Mr. Palacio far exceeded the amount of USIC's insurance policy, USIC paid the full policy limits to Stewart and his passenger.

12. USIC paid the full limits of its insurance policy pursuant to an order of the Montana Fourth Judicial District Court dated April 25, 2022 in cause no. DV-22-122.

13. The applicable liability policy covering Mr. Palacio at the time of the crash has been fully exhausted.

14. The applicable liability policy covering Mr. Palacio at the time of the crash was insufficient to fully compensate Stewart for the full amount which Stewart is legally entitled to recover as damages against Mr. Palacio.

15. The Defendant, Great West, issued policy no. MCP28313D (the "Insurance Policy") to Stewart dba S&S Contracting which was in effect on July 24, 2020 and which

provided both Uninsured Motorist Coverage ("UM") and Medical Payments Coverage ("Med Pay") to Stewart.

16.  The declarations page or "Schedule of Autos" reflected that Stewart purchased UM and Med Pay for a 1996 Kenworth, as follows:

| AUTO<br>A0006 | YEAR<br>1996 | MAKE<br>KENWORTH | | RADIUS<br>150 | COVERAGE<br>LIABILITY........................................ | | | PREMIUM<br>1,954 |
|---|---|---|---|---|---|---|---|---|
| | | | | | PIP.................................................. | | | |
| TYPE | | SERIAL NUMBER | | | MED PAY........................................ | | | 35 |
| CONVENTIONAL TRACTOR | | 1XKDDR9X3TJ721815 | | | UM................................................ | | | 32 |
| | | | | | UIM.............................................. | | | 0 |
| FOR PHYSICAL DAMAGE LOSS WE WILL PAY YOU AND: | | | | | | LIMIT | DED | |
| NO LOSS PAYEE APPLIES TO THE "AUTO" | | | | | COMP | 25,000 | 1,000 | 375 |
| | | | | | SPEC PERILS | | | |
| | | | | | COLLISION | | | |
| | | | | | CARGO | | | |
| AUTO IS ADDED | | | | | | | | |
| ADDITIONAL PREMIUM | | $1,447 | | | ANNUAL PREMIUM FOR THIS AUTO | | | 2,396 |

17.  Stewart paid a premium of $35 for Med Pay, and an additional separate premium of $32 for UM.

18.  Stewart made a claim for UM and Med Pay coverage to Great West, and Great West has refused to provide any coverage to Stewart.

## COUNT I:  Claim for UM Coverage

19.  Stewart restates all above paragraphs as if fully set forth herein.

20.  Pursuant to the Insurance Policy issued by Great West, Great West promised to pay to Stewart "all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle"".

21.  As a named insured in the Insurance Policy, Stewart satisfies the definition of "insured".

22.  The Insurance Policy defines an "uninsured motor vehicle" as a vehicle or trailer "to which a liability bond or policy applies at the time of an accident, but the amount paid

under that bond or policy to the insured is not enough to pay the full amount the insured is legally entitled to recover as damages."

23. The semi tractor trailer which Mr. Palacio was operating at the time of the accident satisfies the definition of an "uninsured motor vehicle".

24. The bodily injuries sustained by Stewart were caused by Mr. Palacio's negligent ownership, maintenance, and/or use of his vehicle and trailer.

25. The amount paid to Stewart under the liability policy covering Mr. Palacio at the time of the accident is not enough to pay the full amount which Stewart is legally entitled to recover as damages.

26. As a result of the crash caused by the driver of an Uninsured Motor Vehicle, Stewart incurred substantial past and future medical expenses, a loss of income, a loss of future earnings capacity, a reduction in life expectancy, and other special and general damages for which Stewart is entitled to compensation.

27. Stewart's total damages exceed what he received from Mr. Palacio's insurer, and also exceed the available limits of UM coverage which Stewart purchased from Great West.

28. Stewart is entitled to the full available limits of UM coverage which he purchased from Great West.

## **Count II – Claim for Med Pay**

29. Plaintiff restates all prior paragraphs as if fully set forth herein.

30. Pursuant to the Insurance Policy issued by Great West to Stewart, Great West promised to pay to Stewart "expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by an "accident".

31. As a named insured in the Insurance Policy, Stewart satisfies the definition of "insured".

32. Stewart sustained bodily injuries in a motor vehicle accident on July 24, 2020.

33. Stewart incurred medical and related expenses associated with the medical care and treatment of his bodily injuries.

34. Stewart is entitled to the full available limits of Med Pay coverage which he purchased from Great West.

## COUNT III: Breach of Contract

35. Plaintiff restates all prior paragraph as if fully set forth herein.

36. A contract of insurance existed between Stewart and his insurer, Great West, which provided coverage to Stewart for UM coverage and Med Pay coverage.

37. Great West has breached its contract with Stewart by failing to pay amounts to which Stewart is entitled under the contract of insurance, specifically by its refusal to pay Stewart UM and Med Pay coverages.

38. As a result of Great West's breach of contract, Stewart is entitled to actual damages caused by Great West's breach of contract.

## COUNT IV:  Unfair Trade Practices

39. Plaintiff restates all prior paragraph as if fully set forth herein.

40. Acting through its agents and representatives, Great West has asserted that Stewart is not entitled to UM and Med Pay coverages because he was not occupying a "covered auto" at the time of the accident.

41. Montana law provides that UM coverage is personal and portable whether or not the insured person is occupying a covered auto.  See <u>Jacobson vs. Implement dealers Mut. Ins. Co.</u>, 196 Mont. 542, 640 P.2d 908 (1982).

42. While acknowledging that Montana law treats UM coverage differently than Underinsured Motorist Coverage ("UIM"), Great West persists in denying UM coverage to Stewart by irrelevantly stating that "there is no statutory  mandate for UIM coverage".

43. Stewart did not purchase UIM coverage from Great West; he purchased UM coverage.

44. Great West's position ignores clear Montana authority invalidating any provision in Great West's Insurance Policy that Stewart must be occupying a covered auto to be eligible for UM and Med Pay coverages.

45. Great West is an insurer subject to the Montana Unfair Trade Practices Act (UTPA), Mont. Code Ann. §§33-18-201 et seq.

46. Great West has violated the UTPA by its acts and omissions, including but not limited to, the following:

    a. Mispresenting pertinent facts or insurance policy provisions related to coverages at issue;

    b. Refusing to pay a valid claim without conducting a reasonable investigation

of the claim arising under the insurance policy;

    c.  Refusing to pay a valid claim without conducting a reasonable investigation based upon all available information;

    d.  Failing to act in good faith to effectuate prompt, fair, and equitable settlement of a claim in which liability has become reasonably clear;

    e.  Ignoring Montana authority which contradicts its position;

    f.  By taking a position which is known, or should know, is contrary to Montana law;

    g.  Denying Stewart the benefits of the Insurance Policy;

    h.  Denying Stewart's claim for UM and Med Pay coverage based upon inapplicable and irrelevant legal authority and language in its policy which it knows, or should know, violates Montana public policy;

    i.  By wrongly insisting that Stewart's claim constitutes a UIM claim; and

    j.  By otherwise failing to act in accordance with applicable law.

47.  Great West has actual knowledge that its position is not supported by Montana law and yet it continues to assert its incorrect position much to the detriment of Stewart.

48.  Great West has wrongfully denied the benefits to which Stewart is entitled under the Insurance Policy and thus has harmed Stewart.

49.  Great West's conduct has compelled its insured, Stewart, to institute litigation to recover amounts due under Great West's Insurance Policy.

50.  Great West's violation of the UTPA caused damages to Stewart.

51.  Stewart is entitled to compensatory damages and exemplary damages in accordance

with MCA §27-1-221.

52.    At all times material hereto, Great West had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Stewart.

53.    At all times material hereto, Great West proceeded to act in conscious disregard of the high probability of injury to Stewart.

54.    At all times material hereto, Great West deliberately proceeded to act with indifference to the high probability of injury to Stewart.

55.    The Defendant, Great West, is guilty of actual malice.

56.    As a direct result of Great West's unlawful conduct, Stewart has been damaged.

57.    Plaintiff is entitled to recover punitive damages from Great West pursuant to Mont. Code Ann. §33-18-242(4) and §27-1-221.

### COUNT V: Declaratory Judgment

58.    Plaintiff restates all prior paragraph as if fully set forth herein.

59.    Pursuant to Montana Code Annotated §27-8-201, et seq., Plaintiff seeks a determination from the Court establishing that, pursuant to Montana law, Stewart is entitled to UM coverage and Med Pay coverage under the Insurance Policy.

60.    Pursuant to Montana law, Plaintiff also seeks an order from the Court granting Plaintiff his attorney's fees and costs incurred in obtaining a declaration from the Court establishing Plaintiff's entitlement to coverage under the Insurance Policy.

**WHEREFORE**, Plaintiff, Jeffrey C. Stewart, demands judgment against the Defendant Great West for the following:

     a.    The full limits of coverage for UM and Med Pay;

b.   Compensatory Damages in an amount sufficient to compensate Stewart for his

general and special damages;

c.   Damages for breach of contract;

d.   Punitive Damages;

e.   Attorney's fees in accordance with the insurance exception to the American

Rule;

f.   Pre judgment interest;

g.   Post Judgment Interest;

h.   Costs; and

i.   For such other and further relief as the Court deems proper.

### **Jury Demand**

The Plaintiff demands a trial by jury on all issues so triable.

DATED this 22nd day of March 2023.

POST & LEBSOCK, PLLC
Attorney for Plaintiff

By: _____
        Del M. Post, Esq.